IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00709-REB-MEH

MAHER ELSAYED,

 Plaintiff,

v.

ALBERTO GONZALEZ,
TROY EID,
MICHAEL CHERTOFF,
EMILIO GONZALEZ, and
ROBERT MUELLER,

 Defendants.

---

**RECOMMENDATION ON DEFENDANTS' MOTION FOR REMAND,
OR IN THE ALTERNATIVE, FOR A STAY OR DISMISSAL AND
PLAINTIFF'S MOTION FOR REMAND**

---

Defendants have filed a motion (Docket #7) seeking dismissal of Defendants Mueller and Eid based on an alleged lack of subject matter jurisdiction, and a remand of the remainder of this case with an order to the Department of Homeland Security to adjudicate Plaintiff's petition for naturalization within 60 days of completion of a name check by the Federal Bureau of Investigation (FBI). In response, Plaintiff has filed his own Motion to Remand (Docket #17) requesting that the FBI be required to complete the name check in 60 days as well. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, these matters have been referred to this Court for recommendation. The Court agrees with Defendants' requested relief and recommends that Defendants' motion be **granted** and Plaintiff's motion be **denied** for the following reasons.

Plaintiff is in a common predicament at this point in our nation's history. He is from the Middle East, and he seeks naturalization. He has met all the technical requirements for naturalization. But the FBI has had three and one-half years since the interview of Plaintiff to complete a name

check (to ensure that the Plaintiff is not suspected of wrongdoing somewhere in the world) and has yet to finish. This name check is, by agreement between two Executive Branch agencies (the Department of Justice and the United States Citizenship and Immigration Services ["USCIS"]), a necessary prerequisite to USCIS's approval of his application for naturalization. Although by statute the USCIS must make its decision within 120 days of interviewing the Plaintiff, it must also await the FBI name check. The interview having been conducted years ago, Plaintiff is rightfully chagrined by the delay. He must wait a little longer.

Philosophically, this Court agrees that the United States Government has taken too long to perform its duty. Such delays do not further the image that this country should be portraying to the observant world. Yet we are a nation of laws, and those laws are to be honored even when the prestige of this country is potentially harmed thereby. It is the Executive and Legislative Branches which pass the laws and set the policies of this nation (and which are held accountable for them), and one of those policy areas concerns the jurisdiction of the courts to order the FBI to perform a name check. As has been noted in numerous recent decisions, almost every court to have considered the issue of jurisdiction to compel the FBI to perform a name check has found a lack of the same. *E.g.*, *Liu v. Chertoff*, No. CV-06-1682-ST, 2007 WL 2435157, at *1 n.1 (D. Or. Aug. 29, 2007); *Konchitsky v. Chertoff*, No. C-07-00294-RMW, 2007 WL 2070325, at **6-7 (N.D. Cal. July 13, 2007); *Eldeeb v. Chertoff*, No. 8:07-cv-236-T-17EAJ, 2007 WL 2209231, at **21-22 (M.D. Fla. July 30, 2007). Too many courts have had to engage in the same exhaustive analysis of subject matter jurisdiction, and this Court declines to cover this tired ground. For the reasons given in the cited cases and others too numerous to reprint here, this Court may not compel the FBI to complete its name check within a certain time period, and Plaintiff "do[es] not have a right to forego the required background checks." *Jabr v. Chertoff*, No. 06-543, 2006 U.S. Dist. LEXIS 84588 *6 (E.D.

Mo. Nov. 21, 2006).

District Judge Robert Blackburn, whose case this is, in a factually similar case, *Alhassan v. Gonzales*, No. 06-cv-01571, 2007 U.S. Dist. LEXIS 89018 (Dec. 7, 2006), remanded the matter to the USCIS with an order that the FBI "complete its name check within 60 days." This was the solution offered by the government in that lawsuit. A review of the government's motion to dismiss in that case establishes that the government did not allege a lack of subject matter jurisdiction over the FBI, but asserted that the interview is not complete until the FBI name check has been performed, and only then does the 120-day clock on USCIS's obligation to adjudicate the application begin to run. Of course, Judge Blackburn found this to be an "insular interpretation . . . rejected by every federal district court that has considered it," save one. *Id.* at *2. In the alternative, the government represented that Judge Blackburn had the authority under 8 U.S.C. § 1447(b) to remand the case "with directions to the FBI to complete the name check within 60 days." *Alhassan*, Motion to Dismiss or to Remand to the Federal Bureau of Investigation and to Customs and Immigration Services for Further Processing or Hold in Abeyance, at 12. Judge Blackburn accepted that invitation.

This Court suspects that in the time between the *Alhassan* motion and the current one, somebody important changed their mind, or changed the minds of the attorneys responsible for filing briefs for the United States. In any event, it is clear from this Court's review of its own jurisdiction and the overwhelming case law that there is no jurisdiction over the FBI. Moreover, there is absolutely no jurisdictional basis for the United States Attorney to be a party in this action, as the local office of the Department of Justice is merely counsel for those agencies that do have the responsibility to perform all necessary tasks in adjudicating an application for naturalization.

On the other hand, with regard to the USCIS, the government has extended the invitation for

this Court to remand the case to the agency with instructions to make a final determination on the application for naturalization within 60 days of the FBI name check.  Motion at 12.  The Court recommends to Judge Blackburn that the invitation be accepted, and that this case be remanded to the USCIS with direction that its final decision be rendered and provided to the Plaintiff within 60 days of the completion (not the receipt) of the FBI name check.

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendants' Motion for Remand, or in the Alternative, for a Stay or Dismissal [Filed June 20, 2007; Docket #7] be **granted** as directed herein.  Specifically, it is recommended that Defendants Mueller and Eid be **dismissed** for lack of jurisdiction, and that this matter be **remanded** to USCIS for an adjudication of Plaintiff's petition for naturalization to be made within 60 days after the completion of his name check.  The Court also recommends that this case be **administratively closed** (preserving the rights of all parties) pending further proceedings at the agency level, with leave of Court being allowed (as addressed in this Court's local rule 41.2) for either party to reopen the action once a decision on naturalization is rendered.  The Court further recommends that USCIS be required to submit a status report indicating when the name check is completed and a second status report indicating when the adjudication of Plaintiff's application is complete.

It is FURTHER RECOMMENDED that Plaintiff's Motion to Request Remandind [sic] of the Matter to Federal Bureau of Investigation and United Customes [sic] and Immigration Services [Filed August 9, 2007; Docket #17] be **denied** for lack of jurisdiction over the FBI and **denied as moot** based on the remand recommended herein as to USCIS.

Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the

District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 10th day of September, 2007.

BY THE COURT:


s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).